UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
JOSE ROBLES,

               Plaintiff,

               v.

GODDARD RIVERSIDE COMMUNITY CENTER,
INC.; STEPHEN RUSSO; STEPHEN ADLER;
RICHARD BURGHEIM; EVELYN GRANT;
STANLEY HECKMAN; KAYALYN A. MARAFIOTI;
BETSY NEWELL; LAURA PAGE; SUSAN RICHMAN;
ERIC ROSENFELD; DANIEL SIFF; HOWARD
STEIN; and PETER WORKMAN,

               Defendants.
------------------------------------x

08-CV-04856 (LTS)
(JCF)

**Electronically Filed**

**ANSWER TO AMENDED
COMPLAINT**

    Defendants, Goddard Riverside Community Center, Inc.
Stephan Russo, Evelyn Grant, Stanley Heckman, Laura Page,
Susan Richman, Eric Rosenfeld and Daniel Siff by their
attorneys, HOEY, KING, TOKER & EPSTEIN, answer the Amended
Complaint of the Plaintiffs by stating as follows:

    1.    Defendants deny having knowledge or information
sufficient to form a belief as to the truth of the allegations
of paragraph 1 and respectfully refers all questions of law to
this Honorable Court.

    2.    Defendants admit the allegations of paragraph 2.

    3.    Defendants admit the allegations of paragraph 3.

4.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.

5.    Defendants deny, upon information and belief, the allegations of paragraph 5, except to admit that on information and belief, defendant GOODARD-RIVERSIDE COMMUNITY CENTER, INC. (hereinafter "GRCC") is a 501 (c)(3) corporation formed and existing under the New York State Not-For-Profit 501(c)(3) laws conducting business in the City, County and State of New York with its principal office and place of business at 593 Columbus Avenue, New York, New York.

6.    Defendants admit the allegations of paragraph 6.

7.    Defendants deny the allegations of paragraph 7 and respectfully refer all questions of law to this Honorable Court.

8.    Defendants admit the allegations of paragraph 8.

7. (2nd) Defendants admit the allegations of paragraph 7.
    [sic]

9.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9.

10.    Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 10.

11.   Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11.

12.   Defendants deny the allegations of paragraph 12, except to admit that Phelps House is located at 593 Columbus Avenue in New York County and was developed pursuant to §202 of the National Housing Act of 1959 as amended 1974.

13.   Defendants deny the allegations of paragraph 13, except to admit that that as of December 31, 2004 Phelps House Assoc., LP an entity related to GRCC. owned and operated Phelps House with TUC as it managing agent.

14.   Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14

15.   Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16.   Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.   Defendants deny the allegations of paragraph 17, except to admit that plaintiff accepted that position of Superintendent of 593-595 Columbus Avenue.

18.   Defendants deny the allegations of paragraph 18.

19.  Defendants lack having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19.

20.  Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, except to admit that for the time of his employment at Phelps House prior to January 1, 1990, plaintiff's paychecks were issued by TUC but admit that commencing January 1, 1990 he was paid directly by GRCC.

21.  Defendants admit the allegations of paragraph  21.

22.  Defendants lack having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22.

23.  Defendants deny the allegations of paragraph 23, except to admit that among the terms of his employment were grievance procedures which were made available to employees not covered by a collective bargaining agreement.

24.  Defendants admit but refer to Exhibit "A" pages 6 & 7 of the amended complaint.

25.  Defendants deny the allegations of paragraph 25, except to admit that Plaintiff was entitled to a pension contribution from GRCC equal to 12% of his pay, and he received the same after the first year of his employment with GRCC.

26.  Defendants admit the allegations of paragraph 26,

27.  Defendants deny the allegations of paragraph 27 except admit that at some time subsequent to his retention as superintendent of Phelps Hose, the pension rights of new employees were changed.

28.  Defendants deny the allegations of paragraph 28, except to admit that in addition to his pension benefit, since 2002 all employees covered by GRCC's Aetna Health Insurance Plan made employee contributions for their medical insurance.

29.  Defendants deny the allegations of paragraph 29 and refer to the document entitled Personnel practices.

30.  Defendants deny the allegations of paragraph 30, except to admit that as an incident to his employment, plaintiff was entitled to occupancy of a two bedroom apartment at Phelps House which is presently rentable under HUD guidelines for $1,548 per month.

31.  Defendants deny the allegations of paragraph 31, except to admit that throughout his entire tenure at GRCC, plaintiff had never been at any time subject to disciplinary action.

32.  Defendants deny the allegations of paragraph 32.

33.  Defendants admit the allegations of paragraph 33.

34.  Defendants admit the allegations of paragraph 34.

35.  Defendants deny the allegations of paragraph 35.

36.  Deny, upon information and belief, the allegations of paragraph 36.

37.  Defendants deny the allegations of paragraph 37, except to admit that in early October, plaintiff had a discussion with Mr. Russo and others about missing alcohol from a "book storage room" in the cellar of 593-595 Columbus Avenue to which plaintiff had "24-7" access and maintenance and security responsibility.

38.  Defendants lack having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38.

39.  Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39, except to admit that Plaintiff suggested because the amount alcohol missing was significant, and Mr. Russo was concerned that he should call the police.

40.  Defendants deny the allegations of paragraph 40, except to admit that on October 11, 2007, Russo requested plaintiff's resignation.  He delivered to plaintiff a proposed letter of resignation.  A copy of that letter is annexed to the amended complaint as Exhibit "B".

41.  Defendants deny the allegations of paragraph 41.

42.  Defendants admit the allegations of paragraph 42.

43.   Defendants deny the allegations of paragraph 43, except to admit that any successor would be entitled to no contribution his first year and 6% in each year thereafter.

44.   Defendants deny the allegations of paragraph 44, except to admit that at the time he was discharged, Plaintiff was 62 years of age.

45.   Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45, except to admit that Plaintiff has also received a "Cobra" notice concerning cancellation plaintiff's health insurance.

46.   Defendants deny the allegations of paragraph 46.

47.   Defendants deny the allegations of paragraph 47.

48.   Defendants deny the allegations of paragraph 48, except to admit that Mr. Russo, Executive Director of GRCC in capacity as Executive Director made the decision to discharge plaintiff.

49.   Defendants deny the allegations of paragraph 49.

50.   Defendants deny the allegations of paragraph 50.

51.   Defendants deny the allegations of paragraph 51.

52.   Defendants deny the allegations of paragraph 52.

53.   Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 53.

54.   Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 54.

55.   Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 55.

56.   Defendants deny having knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 56.

57.   Defendants the allegations of paragraph 57.

58.   Defendants deny the allegations of paragraph 58.

59.   Defendants deny the allegations of paragraph 59.

60.   Defendants admit the allegations of paragraph 60.

61.   Defendants deny the allegations of paragraphs 61 and refer to the defendant's Personnel Policy.

62.   Defendants deny the allegations of paragraphs 62 except admit that the defendant sought and obtained plaintiff's eviction from Phelps House and refer to Exhibit "F" of the Amended Complaint.

63.   Defendants deny the allegations of paragraph 63.

64.   Deny the allegations of paragraph 64 except admit that the following named individual defendants are members of the Board of Directors of GRCC and of the Board's Executive Committee: STEPHEN ADLER; RICHARD BURGHEIM; EVELYN GRANT;

STANLEY HECKMAN; BETSY NEWEL; LAURA PAGE; SUSAN RICHMAN; ERIC ROSENFELD; HOWARD STEIN and PETER WORKMAN and admit that the following are members of the Board of Directors of GRCC and of the Board's Personnel Committee: KAYALYN MARAFIOTI, LAURA PAGE; ERIC ROSENFELD AND DANIEL SIFF.

65.    Defendants deny the allegations of paragraph 65.

66.    Defendants deny the allegations of paragraph 66.

67.    Defendants deny the allegations of paragraph 67.

68.    Defendants Respond to paragraph 68 of the Amended Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

69.    Defendants deny the allegations of paragraph 69.

70.    Defendants deny the allegations of paragraph 70.

71.    Defendants deny the allegations of paragraph 71.

72.    Defendants deny the allegations of paragraph 72.

73.    Defendants Respond to paragraph 73 of the Amended Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

74.    Defendants deny the allegations of paragraph 74.

75.    Defendants deny the allegations of paragraph 75.

76.    Defendants deny the allegations of paragraph 76.

77. Defendants deny the allegations of paragraph 77.

78.    Defendants deny the allegations of paragraph 78.

79.    Defendants Respond to paragraph 79 of the Amended Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

80.    Defendants deny the allegations of paragraph 80.

81.    Defendants deny the allegations of paragraph 81.

82.    Defendants deny the allegations of paragraph 82.

83.    Defendants deny the allegations of paragraph 83.

84.    Defendants deny the allegations of paragraphs 84 and respectfully refers all questions of law to this Honorable Court.

85.    Defendants deny the allegations of paragraph 85.

86.    Defendants deny the allegations of paragraph 86.

87.    Defendants deny the allegations of paragraph 87.

88.    Defendants deny the allegations of paragraph 88.

89.    Defendants deny the allegations of paragraph 89.

90.    Defendants deny the allegations of paragraph 90.

91.    Defendants Respond to paragraph 91 of the Amended Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

92.    Defendants admit the allegations of paragraph 92.

93.    Defendants deny the allegations of paragraph 93.

94.   Defendants deny the allegations of paragraph 94.

95.   Defendants deny the allegations of paragraph 95.

96. Defendants Respond to paragraph 96 of the Amended Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

97.   Defendants admit the allegations of paragraph 97.

98.   Defendants deny the allegations of paragraph 98.

99.   Defendants deny the allegations of paragraph 99.

100.   Defendants deny the allegations of paragraph 100.

101.   Defendants Respond to paragraph 101 of the Amended Complaint by repeating, reiterating, and realleging all responses given to the paragraphs referred to therein with the same force and effect as if herein set forth at length.

102.   Defendants admit the allegations of paragraph 102.

103.   Defendants deny the allegations of paragraph 103.

104.   Defendants deny the allegations of paragraph 104.

105.   Defendants deny the allegations of paragraph 105.

106.   Defendants deny the allegations of paragraph 106.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE THESE
ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

107.   Upon information and belief the causes of action alleged in the Amended Complaint of the Plaintiff fail to

properly state, specify or allege a cause of action on which relief can be granted as a matter of law.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

108.  That if it is determined that these answering Defendants are responsible for the acts alleged in the Amended Complaint then Plaintiff failed to take appropriate action to mitigate any damages.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

109.  The Business Judgment Rule precludes the Judicial review of the action and precludes the granting of any relief sought in the Amended Complaint.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

110.  The Plaintiff was an employee-at-will and any actions taken by Defendants were proper.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:**

111.  Plaintiff's claims for emotional distress and mental anguish damages, and any other claims for noneconomic loss are not recoverable under the Age Discrimination in Employment Act.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

112.    Plaintiff is not entitled to punitive damages and attorneys' fees and costs under the New York State Executive Law.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

113.    The Amended Complaint is barred, in whole or in part, by the doctrines of equitable estoppel, laches, waiver and/or unclean hands.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

114.    Defendant's actions and decisions with respect to plaintiff were taken for legitimate non-discriminatory reasons.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

115. Assuming, arguendo that any impermissible consideration may have affected any decision regarding plaintiff (which defendants deny), the employment decisions of which plaintiff complains would have been taken in any event for legitimate non-discriminatory reasons.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

116. Defendants are not liable to plaintiff for the acts or omissions of any supervisory or managerial employee that were beyond the scope of employment.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

117. Because no discovery has been taken at this stage of the case, defendants reserve the right to file and serve additional defenses.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

118. Plaintiff's claims for damages based upon emotional, mental or physical injuries, including his claim of infliction of emotional distress, are barred by the exclusivity provisions of the applicable worker's compensation laws.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

119. Plaintiff is not entitled to the relief sought in the Amended Complaint to the extent said relief is not available under Title VII and/or the New York State Human Rights Law and/or 42 U.S.C. §1983.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**
**THESE ANSWERING DEFENDANTS ALLEGE AS**
**FOLLOWS:**

120.  Plaintiff's contract claims are barred, in whole or in part, by the statute of frauds and New York General Obligations Law.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**
**THESE ANSWERING DEFENDANTS ALLEGE AS**
**FOLLOWS:**

121.  To the extent this action purports to arise under Title VII of the Civil Rights Act of 1964, the action cannot be maintained to the extent that it relies on alleged claims of discrimination which were not made the subject of a timely charge of discrimination filed with the Equal Employment Opportunity Commission, or to the extent that plaintiff has otherwise failed to fulfill the statutory prerequisites to suit set forth in 42 U.S.C. § 2002e-2, et seq.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**
**THESE ANSWERING DEFENDANTS ALLEGE AS**
**FOLLOWS:**

122. Plaintiff's claims against the individual defendants are barred, in whole or in part, because neither individual defendant is an "employer" within the meaning of the applicable statutes.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

123.  Plaintiff's claims against the individual defendants are barred, in whole or in part, because the Court lacks jurisdiction over the individual defendants under the applicable statues.

## AS AND FOR AN EIGHTHEENTH AFFIRMATIVE DEFENSE THESE ANSWERING DEFENDANTS ALLEGE AS FOLLOWS:

124.  The complaint fails to state a claim upon which relief can be granted against any of the individual defendants, individuals cannot be sued and held liable:

(a)  under the VII or the ADEA;

(b)  under 42 USC §1983 unless they are State officials or "actors", which the individual defendants are not;

(c) under the New York State Human Rights Law unless they are "aiders or abettors" which the individual defendants are not because all of them except Stephen Russo are members of the Board of Directors of a New York Not-For-Profit corporation who served and acted, at the request of plaintiff after he was terminated October 11, 2007 as another "Step" of an internal post-termination grievance procedure invoked by plaintiff pursuant to GRCC's Personnel Practices page 6-7. (Exhibit "A" Amended Complaint).

### AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE
### THESE ANSWERING DEFENDANTS ALLEGE AS
### FOLLOWS:

125.    Plaintiff is not entitled to recover damages on his claims of discrimination because, at all relevant times, Defendants have engaged in good faith efforts to comply with all laws prohibiting discrimination in employment.

### AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE
### THESE ANSWERING DEFENDANTS ALLEGE AS
### FOLLOWS:

126.    All or part of plaintiff's claims for damages are barred by the doctrine of after-acquired evidence.

WHEREFORE, the Defendants demand judgment dismissing the Amended Complaint with prejudice, together with its attorneys' fees and disbursements in this action. Defendants hereby object to a trial by jury of all issues and matters including, but not limited to, those issues and

matters on lost wages, back pay, front pay and other

equitable relief.

DATED: August 6, 2008
       New York, New York

                              Yours, etc.,

                              **HOEY, KING, TOKER & EPSTEIN**
                              Attorneys for Defendants
                              **Goddard Riverside Community
                              Center, Inc. Stephan Russo,
                              Evelyn Grant, Stanley
                              Heckman, Laura Page, Susan
                              Richman, Eric Rosenfeld and
                              Daniel Siff**
                              Office and Post Office
                              Address
                              55 Water Street, 29th Floor
                              New York, New York 10041-2899
                              (212) 612-4200

                              By:

                              ───────────────────────────
                              Rhonda L. Epstein

To:

John C. Klotz, Esq.
Attorneys for Plaintiff, Jose Robles
350 Fifth Avenue, Suite 4810
New York, New York 10118

08-CV-04856 (LTS) (JCF)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JOSE ROBLES,

        Plaintiff,

      against

GODDARD RIVERSIDE COMMUNITY CENTER, INC.; STEPHEN
RUSSO; STEPHEN ADLER; RICHARD BURGHEIM; EVELYN
GRANT; STANLEY HECKMAN; KAYALYN A. MARAFIOTI;
BETSY NEWELL; LAURA PAGE; SUSAN RICHMAN;
ERIC ROSENFELD; DANIEL SIFF; HOWARD STEIN; and PETER
WORKMAN,

        Defendants.

---

**FEDERAL RULE 7.1 STATEMENT
AND AMENDED ANSWER TO AMENDED COMPLAINT**

---

HOEY, KING, TOKER & EPSTEIN
Attorneys for Defendants
**Goddard Riverside Community Center, Inc. Stephan Russo,
Evelyn Grant, Stanley Heckman, Laura Page, Susan Richman,
Eric Rosenfeld and Daniel Siff**
Office and Post Office Address
55 Water Street, 29th Floor
New York, New York 10041-2899
(212) 612-4200