UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

JOSE ROBLES,

       Plaintiff,

  -v-                                     No. 08 Civ. 4856 (LTS)(JCF)

GODDARD RIVERSIDE COMMUNITY
CENTER, et al.,

       Defendants.

-------------------------------------------------------x

## OPINION AND ORDER

In his Amended Complaint in this action, Plaintiff Jose Robles ("Plaintiff"), who was 62 years old when he was terminated from his employment with Defendant Goddard Riverside Community Center, Inc. ("Goddard"), and who describes himself as a person of color of Dominican origin, alleges that Goddard engaged in discriminatory employment practices based on Plaintiff's race and age in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, et seq., the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623 et seq., and the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296, and breached Plaintiff's employment contract.  In Counts Four and Five of the Amended Complaint, Plaintiff alleges that the Executive Director of Goddard, Stephan Russo ("Russo"), along with 12 individuals who were members of the Goddard Board of Directors at all relevant times -- Stephen Adler, Richard Burgheim, Evelyn Grant, Stanley Heckman, Kayalyn A. Marafioti, Betsy Newell, Laura Page, Susan Richman, Eric Rosenfeld, Daniel Siff, Howard Stein and Peter Workman (collectively, the "Board Defendants") -- aided and abetted Goddard's alleged age and race

discrimination, in violation of N.Y. Exec. Law § 296(6).[1]  The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367.

Goddard, Russo and the Board Defendants (collectively, "Defendants") move, pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, for judgment on the pleadings in favor of the Board Defendants with respect to Plaintiff's claims asserted in Counts Four and Five.  The Court has considered thoroughly the parties' arguments.  For the following reasons, Defendants' motion is granted, and Plaintiff is given leave to replead these claims.

## BACKGROUND

The following facts are alleged in the Amended Complaint and are construed as true for purposes of this motion practice.  Plaintiff is a person of color who was born on April 23, 1945.  On or about 1987, Plaintiff was hired by Goddard as a resident superintendent at Phelps House, a federally assisted senior citizen residence center.  His compensation included a pension contribution from Goddard equal to 12% of his pay.  In 1994, Goddard adopted a new policy under which employees hired thereafter would only receive a pension contribution of 6% of their pay.  (Am. Compl. ¶¶ 1-28.)

In 1998, Russo was appointed the Executive Director of Goddard.  Russo thereafter

---

[1] In his papers in opposition to the motion, Plaintiff disclaims any intention to assert his federal age and race discrimination (Counts One and Two), and breach of contract (Count Six), claims against any of the individual defendants, and withdraws his 42 U.S.C. § 1983 claim (Count Three) as against all defendants.  He also acknowledges that Defendant Kayalyn A. Marfioti was not timely served.  Accordingly, Counts One, Two and Six are dismissed without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) insofar as they can be construed to assert claims against the individual defendants.  Count Three is dismissed with prejudice pursuant to Rule 41(a)(2).  The Amended Complaint is dismissed without prejudice as against Defendant Marfioti pursuant to Fed. R. Civ. P. 4(m).

"embarked upon a policy of forcing out . . . senior employees" from Goddard, in order to reduce costs by replacing them with newly hired employees who would be entitled to only a 6% pension contribution, to create a more junior staff dependent on Russo, and to erase the institutional memory associated with Russo's precedessor. (Am. Compl. ¶¶ 35-36, 43.) During Russo's tenure, the employment of at least three individuals over the age of 40 was terminated at the conclusion of funded programs and these employees were not offered other Goddard opportunities which were filled with younger workers. (Id. ¶ 46.)

In October 2007, a substantial quantity of alcohol was found missing or stolen from a book storage room. Plaintiff did not take the alcohol, and believes it likely that members of the Development Office, who are predominantly white, were responsible because they conducted many "book sorting" events in the book storage room and consumed alcohol during such events. (Am. Compl. ¶¶ 49-50.) Plaintiff adds that the donors solicited by the Development Office are also predominantly white. (Id. ¶ 51.) Russo accused Plaintiff of taking the alcohol; Plaintiff denied the accusation, pointed out that the Development Office had responsibility for the room, and suggested that Russo call the police. Russo then called for his resignation and, after Plaintiff refused to resign, fired him on or about October 11, 2007, without any written explanation. (Id. ¶¶ 37-42, 59.) The decision to terminate Plaintiff was made individually by Russo. (Id. ¶ 48.)

According to Goddard's Statement of Personnel Practices (the "SPP"), a copy of which is attached to the Amended Complaint, "Reasons for dismissal should be made clear to the employee as part of the regular supervisory process." (Am. Compl. Ex. A at A-8.) Goddard employees who have grievances with the Executive Director may seek to have them reviewed by the Personnel Committee of the Board. If the employee is not satisfied, he can submit a request to the President or Vice President and the Chairman of the Personnel Committee, and if no solution is

reached the matter "shall be submitted to the Board of Directors with the recommendation" of the President/Vice President and the Chairman of the Personnel Committee, and the "Board of Directors' decision shall be final."  (Id. at A-8 - A-9.)

Plaintiff submitted a grievance in connection with his termination, and his grievance was "denied" by the Board.  (Am. Compl. ¶¶ 59-60.)  The Board Defendants were each members of the Board during that time.  (Id. ¶ 64.)  The Board did not give any reasons for its decision, did not give Plaintiff an opportunity to present evidence to the Board, and did not provide Plaintiff a rebuttal to his grievance.  (Id. ¶¶ 59, 66.)  Plaintiff alleges, "In deciding to discharge plaintiff, each of the Board defendants exercised independent discretion and were under no compulsion to so act." (Id. ¶ 67.)

Plaintiff filed a charge with the United States Equal Employment Opportunity Commission alleging race and age discrimination by Goddard and Russo, and the EEOC issued a right to sue letter on March 5, 2008.

DISCUSSION

The standard governing a Rule 12(c) motion is equivalent to that governing motions under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Patel v. Contemporary Classics of Beverly Hills, 259 F.3d 123, 126 (2d Cir. 2001).  In deciding a motion to dismiss a complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "accept as true all factual statements alleged in the complaint and draw reasonable inferences in favor of the non-moving party."  McCarthy v. Dunn & Bradstreet Corp., 483 F.3d 184, 191 (2d Cir. 2007) (internal citations omitted).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Iqbal, 2009 WL 1361536, at *12 (internal quotations and citations omitted).  This Twombly standard applies to all civil actions.  Id. at *16.

Plaintiff alleges, in the claims at issue in this motion practice, that the Board Defendants "aided and abetted" Goddard's alleged violations of the NYSHRL.  (Am. Compl. ¶¶ 94, 99.)  Section 296(1)(a) of the New York Executive Law provides that it "shall be an unlawful discriminatory practice [f]or an employer . . . , because of the age [or] race . . . of any individual, . . . to discharge from employment such individual."  N.Y. Exec. Law § 296(1)(a) (West Supp. 2009). Section 296(6) provides, "It shall be an unlawful discriminatory practice for any person to aid, abet, incite, compel or coerce the doing of any of the acts forbidden under this article or to attempt to do so." N.Y. Exec. Law § 296(6) (West Supp. 2009).  "Courts have interpreted this language to require a showing that the defendant actually participated in the conduct giving rise to the claim of discrimination."  Brice v. Security Operations Sys., Inc., No. 00 Civ. 2438 (GEL), 2001 WL 185136, *4 (S.D.N.Y. Feb. 26, 2001) (citing Tomka v. Seiler Corp., 66 F.3d 1295, 1317 (2d Cir. 1995), among other cases).  "Aiding and abetting liability requires that the aider and abettor 'share the intent or purpose of the principal actor, and there can be no partnership in an act where there is no community of purpose.'"  Id. (citing cases).  "Consequently, to find that a defendant actually participated in the discriminatory conduct requires a showing of 'direct, purposeful, participation.'" Id. (citation omitted).

As noted above, the Amended Complaint attributes to Russo the alleged scheme to fire older employees to save compensation expenses.  It also alleges that Russo, "personally[] and

individually, made the decision to discharge Plaintiff," and that the protection of white Development Office employees was also a motivation for the firing. In contrast, Plaintiff's allegations regarding the Defendant Board Members proffer neither facts demonstrating any participation by any such defendant in Russo's discharge decision nor any facts indicative of any discriminatory motivation in connection with the Board's decision to deny Plaintiff's grievance. The Amended Complaint thus fails to allege facts indicating plausibly the shared intent or community of purpose that is essential to aiding and abetting liability under the New York statute, and Counts Four and Five of the Amended Complaint will therefore be dismissed pursuant to Federal Rule of Civil Procedure 12(c) as to the Board Defendants.

In his opposition papers, Plaintiff argues that the Board Defendants are also liable under the NYSHRL as "employers." (Opp'n at 10-11.) The Amended Complaint, however, makes no such assertion, and instead explicitly premises its claims against the Board Defendants on the allegation that they aided and abetted Goddard's discrimination; accordingly, Plaintiff has failed to state a NYSHRL claim against the Board Defendants that is premised on this theory.

Plaintiff requests leave to amend his Amended Complaint should the Court grant Defendants' motion. That request is granted.

## CONCLUSION

For the foregoing reasons, Defendant's motion is granted and Plaintiff's NYSHRL claims against the Board Defendants are dismissed without prejudice. The Clerk of Court is respectfully requested to terminate Docket Entry No. 40, and to terminate Defendants Stephen Adler, Richard Burgheim, Evelyn Grant, Stanley Heckman, Kayalyn A. Marafioti, Betsy Newell, Laura Page, Susan Richman, Eric Rosenfeld, Daniel Siff, Howard Stein and Peter Workman in

connection with the caption of this case.

Plaintiff is given 21 days from the date of this Opinion and Order to file and serve a Second Amended Complaint repleading his claims against the above-named defendants. If no such timely amended pleading is served and filed with respect to a claim or cause of action, such claim or cause of action will be dismissed with prejudice and without further advance notice.

SO ORDERED.

Dated: New York, New York
   June 17, 2009

_____
LAURA TAYLOR SWAIN
United States District Judge